*Thursday, February 12, 1998*

## MOTION DOCKET

**98–68.   State ex rel. Nix v. Cleveland.**
In Mandamus.  This cause originated in this court on the filing of a complaint for a writ of mandamus.  Upon consideration of respondents' motion to quash and for protective order,

IT IS ORDERED by the court that the motion to quash and for protective order be, and hereby is, denied as moot.

## MISCELLANEOUS DISMISSALS

**97–2477.   State ex rel. Wheeler v. Indus. Comm.**
Franklin App. No. 96APD09–1207.  This cause is pending before the court as an appeal from the Court of Appeals for Franklin County.  Upon consideration of the application for dismissal of appellants, Industrial Commission of Ohio and Bureau of Workers' Compensation,

IT IS ORDERED by the court that the application for dismissal be, and hereby is, granted.

The appeal of Metro Electric, Inc. remains pending.

**98–168.   State v. Perry.**
Trumbull App. No. 96–T–5597.  This cause is pending before the court as a discretionary appeal and a claimed appeal of right.  In lieu of payment of the filing fee required by S.Ct.Prac.R. XV, appellant filed an affidavit of indigency in which he attests that he is "financially unable to retain private counsel without substantial hardship to me or my family."

S.Ct.Prac.R. XV requires that the docket fee imposed by R.C. 2503.17 be paid before an appeal is docketed.  Section 3 of the rule permits an affidavit of indigency tó be filed in lieu of docket fees and prescribes that the affidavit be executed by the party on whose behalf it is filed and state the reasons the party is unable to pay the docket fee.  The rule further provides that the court may review and determine the sufficiency of an affidavit at any stage in the proceeding.

Pursuant to S.Ct.Prac.R. XV(3), the court determines that, whereas appellant's affidavit does not state that appellant is unable to pay the docket fee or the reasons therefor, it does not meet the requirements of an affidavit of indigency under S.Ct.Prac.R. XV and therefore is not sufficient for waiver of the docket fee.  Accordingly,

IT IS ORDERED by the court that this cause be, and hereby is, dismissed.